# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 18, 2019

158724

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

STEVEN ILIADES and JANE ILIADES,
      Plaintiffs-Appellees,

v

DIEFFENBACHER NORTH AMERICA, INC.,
      Defendant-Appellant.

_____/

SC: 158724
COA: 324726
Oakland CC: 12-129407-NP

On order of the Court, the application for leave to appeal the October 16, 2018 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

ZAHRA, J. (*dissenting*).

I respectfully dissent. Plaintiff, Steven Iliades,[1] worked at Flexible Products Company, which creates injection molded plastic parts using large press machines manufactured by defendant, Dieffenbacher North America, Inc. Presses were equipped with presence-sensing devices called light curtains, which were meant to automatically halt operation of a press when a beam of light passing in front of the opening of the press was interrupted (for example, by a person passing through the light). Each press also had two modes of operation: automatic and manual. In automatic mode, a press would continuously cycle without operator input. If a light curtain affixed to a press in automatic mode was interrupted, the press would continue cycling on its own once the interrupting presence was removed. Contrastingly, in manual mode, an operator would control cycling of the press. If a light curtain affixed to a press in manual mode was interrupted, the press would not resume cycling until reset by an operator.

---

[1] Steven Iliades's wife is also a party in this case, seeking derivative relief for loss of consortium. That aside, for purposes of this dissent, use of the singular word "plaintiff" refers solely to Steven.

Flexible Products' presses did not always eject rubber parts, resulting in parts remaining in the press that needed to be removed manually. Flexible Products' employees were instructed to never remove wayward parts that remained in the press without first ensuring that the machine was operating in manual mode. As an extra safety precaution, employees were also instructed to use "parts grabbers" when performing this task.

Contrary to his training, plaintiff did not use the parts grabber on the day of his injury. In further contravention of his training, plaintiff left the press in automatic mode and climbed partially into Flexible Products' Press Number 25 to remove parts. When plaintiff's positioning placed him entirely behind the attached light curtain, the press, unsurprisingly, resumed cycling and plaintiff sustained serious injuries.

Plaintiff filed suit alleging negligence, gross negligence, and breach of warranty. Under MCL 600.2947(2), however, "[a] manufacturer or seller is not liable in a product liability action for harm caused by misuse of a product unless the misuse was reasonably foreseeable. Whether there was misuse of a product and whether misuse was reasonably foreseeable are legal issues to be resolved by the court." Following discovery, defendant moved for summary disposition under MCR 2.116(C)(10), claiming that plaintiff's climbing into the press while it was in automatic mode constituted misuse that was not reasonably foreseeable. The trial court agreed with defendant and granted summary disposition.

In 2016, the Court of Appeals issued a split, unpublished per curiam opinion reversing and remanding for further proceedings.[2] The panel majority declined to expressly determine whether plaintiff's actions constituted misuse, instead holding that summary disposition was inappropriate because plaintiff's conduct was "reasonably foreseeable" under the criminal-law standard for distinguishing between ordinary and gross negligence.[3]

---

[2] *Iliades v Dieffenbacher North America Inc*, unpublished per curiam opinion of the Court of Appeals, issued July 19, 2016 (Docket No. 324726) (*Iliades I*), p 5, rev'd 501 Mich 326 (2018).

[3] *Id*. at 3-5. Judge JANSEN, in her dissent, opined that plaintiff's act of partially climbing into a press operating in automatic mode despite clear instructions not to do so constituted misuse. *Id*. at 1-2 (JANSEN, J., dissenting). Turning to the issue of reasonable foreseeability, Judge JANSEN agreed with the majority that "*some* manner of accidental or nonaccidental reaching into a press while the press is in automatic mode was reasonably foreseeable, which is why the light curtain was installed." *Id*. at 2. Nevertheless, given that (1) there was no indication that an accident of this kind had previously occurred and (2) there was no evidence that partially climbing into a press operating in automatic mode

Defendant applied for leave to appeal in this Court, which reversed the judgment of the Court of Appeals and remanded the case to that court for further review.[4] Specifically, this Court held that the panel majority erred by failing to decide whether and how plaintiff misused the press and by failing to apply the common-law meaning of the phrase "reasonably foreseeable."[5] Outlining the appropriate standard for assessing reasonable foreseeability in this context, the Court stated:

> Under Michigan common law, foreseeability depends on whether a reasonable person "could anticipate that a given event might occur under certain conditions." When dealing with the foreseeability of a product's misuse in particular, the crucial inquiry is whether, at the time the product was manufactured, the manufacturer was aware, or should have been aware, of that misuse. Whether a manufacturer should have known of a particular misuse may depend on whether that misuse was a common practice, or if foreseeability was inherent in the product.[6]

On remand, a divided panel of the Court of Appeals again reversed the trial court's grant of summary disposition and remanded for further proceedings in an unpublished per curiam opinion.[7] The panel majority, "constrained by the plain and unambiguous language in [MCL 600.2945(e)],"[8] held that plaintiff's failure to comply with operating

---

was common practice, Judge JANSEN concluded that plaintiff's conduct in this case was not reasonably foreseeable. *Id*. at 2-4.

[4] *Iliades v Dieffenbacher North America Inc*, 501 Mich 326, 341 (2018) (*Iliades II*).

[5] *Id*. at 341.

[6] *Id*. at 338-339 (citations omitted).

[7] *Iliades v Dieffenbacher North America Inc (On Remand)*, unpublished per curiam opinion of the Court of Appeals, issued October 16, 2018 (Docket No. 324726) (*Iliades III*), p 4.

[8] Under MCL 600.2945(e):

> "Misuse" means use of a product in a materially different manner than the product's intended use. Misuse includes uses inconsistent with the specifications and standards applicable to the product, uses contrary to a warning or instruction provided by the manufacturer, seller, or another person possessing knowledge or training regarding the use or maintenance of the product, and uses other than those for which the product would be considered suitable by a reasonably prudent person in the same or similar circumstances.

instructions constituted misuse.[9]  Even so, the majority determined—relying on its own notions of "common sense"—that plaintiff's conduct was reasonably foreseeable.[10]

There is no question that plaintiff's conduct constituted "misuse" as defined by MCL 600.2954(e).  But I cannot agree with the panel majority that plaintiff's act of ignoring his training and partially climbing into Press Number 25 while it was set to automatic mode to retrieve parts was "reasonably foreseeable" as contemplated under MCL 600.2947(2) and the common law.  As this Court previously stated in these very proceedings, "[w]hether a manufacturer should have known of a particular misuse may depend on whether that misuse was a common practice, or if foreseeability was inherent in the product."[11]

With regard to common practice: Judge JANSEN, the dissenting jurist in the Court of Appeals, correctly noted that the record below did not demonstrate that defendant was ever made aware of accidents like the one involving plaintiff before the initiation of this case.[12]  The record disclosed that James Preston, an employee who had operated Press Number 25 in the past, would occasionally disregard his training and bypass the light curtain to retrieve parts from the press.  While doing so, the press started its automatic cycle, apparently because Preston was "so skinny" that he was able to stand *entirely* behind the light curtain such that no part of his body interrupted the beam.  Regardless, Preston did not bring this incident to anyone's (let alone defendant's) attention.  Thus, even when viewing this evidence in the light most favorable to plaintiff, no reasonable inference can be drawn that defendant had any knowledge that Flexible Products employees were partially climbing into presses while they were in automatic mode to retrieve rubber parts.

The evidence presented *did* establish that Flexible Products employees often relied on light curtains to temporarily stop presses in order to retrieve finished parts.  But as Judge JANSEN pointed out, plaintiff did not put forth any evidence that partially crawling inside a press from the front while it was in automatic mode to retrieve parts—such that

---

[9] *Iliades III*, unpub op at 2, 4.

[10] *Id*. at 2-4.  Judge JANSEN dissented for the same reasons expressed in her earlier dissenting opinion.  *Id*. at 1 (JANSEN, J., dissenting).

[11] *Iliades II*, 501 Mich at 339.  See also *Portelli v I R Constr Prods Co, Inc*, 218 Mich App 591, 599 (1996) ("Foreseeability of misuse may be inherent in the product or may be based on evidence that the manufacturer had knowledge of a particular type of misuse.").

[12] *Iliades I*, unpub op at 2-4 (JANSEN, J., dissenting).

an employee would bypass the light curtain altogether—was a routine or common practice at Flexible Products for anyone but himself.[13]

Turning to reasonable foreseeability of misuse inherent to the presses: Defendant went to great lengths to educate plaintiff as to the safe and proper use of the product, but plaintiff ignored *all* of his training related to injury prevention (i.e., he did not ensure that the press was set to manual mode, climbed partially inside the press, and failed to properly utilize a "parts grabber"). While perhaps a failure to observe one safety feature was foreseeable, the complete disregard of *all* safety features and relevant training in this case was not. To hold otherwise would, in situations analogous to the instant matter, thrust an almost insurmountable disadvantage upon manufacturers in assessing reasonable foreseeability. The incentive to maintain multiple layers of protective safety measures is substantially lessened if such efforts have little or no impact on a manufacturer's culpability in a products-liability case.[14]

For these reasons, I believe that plaintiff has failed to raise a genuine issue of material fact that the conduct that resulted in his injuries was "reasonably foreseeable" as contemplated by MCL 600.2947(2). I would therefore peremptorily reverse the judgment of the Court of Appeals.

MARKMAN, J., joins the statement of ZAHRA, J.

---

[13] Particularly troubling is Iliades's deposition testimony that he had previously ventured even further into presses to retrieve parts than he had on the day of his injury.

[14] The panel majority's decision in this case is made worse by the text of MCL 600.2947(2), which places the duty to resolve the legal issue of reasonable foreseeability on the court. Because the panel majority has held that plaintiff's conduct was reasonably foreseeable, it is up to this Court to take corrective action. Under MCL 600.2947(2), a finder of fact will be unable to do so of its own accord at a later time.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 18, 2019



a1015

Clerk